## CITY OF HAMMOND v. FARINA BUS LINE & TRANSPORTATION COMPANY.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SEVENTH CIRCUIT.

No. 68. Submitted October 26, 1927.—Decided November 21, 1927.

Case involving contentions, issues of fact and of law, and character of evidence introduced, largely similar to those in *City of Hammond* v. *Schappi Bus Line, ante,* p. 164, remanded to District Court upon considerations explained in that opinion.

Decree of Circuit Court of Appeals modified.

CERTIORARI, 273 U. S. 675, to a decree of the Circuit Court of Appeals which reversed a decision of the District Court dismissing the bill in a suit to enjoin the enforcement of a city ordinance restricting the use of streets by motor busses.

*Messrs. Louis T. Michener, C. B. Tinkham,* and *Gerald Gillett* for petitioner.

*Messrs. Jesse J. Ricks* and *Edmond W. Hebel* for respondent.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

This suit was commenced in the federal court for Indiana in June, 1925; and is here on certiorari to the Circuit Court of Appeals. 273 U. S. 675. As in *City of Hammond* v. *Schappi Bus Line, Inc., ante,* p. 164, the plaintiff, Farina Bus Line and Transportation Company, is an Illinois corporation; the defendant is the City of Hammond; the relief sought is an injunction to prevent the enforcement of ordinance No. 1945, adopted May 23, 1925; and the relief was denied by the District Court without finding any facts and without opinion. The Circuit Court of Appeals reversed the decree and remanded the case with directions "to enter a decree granting the injunction." The decision was rendered on the same day

on which that court rendered its decision in the *Schappi* case. It, also, made no finding of facts. It filed no opinion and gave no reasons for its action save the statement that "the discussion there applies equally to this case."

The Farina Company operates a route from several small cities in Illinois through the Town of Munster, Indiana, to its terminal in the business district of Hammond. There, its busses connect with an allied street railway, which extends from Hammond into the City of Gary, Indiana; and through passengers from the Illinois cities to Gary pass over this route. A small percentage of the business is intercity traffic between Munster and Hammond; and, hence, intrastate. The Farina Company holds a certificate of public convenience and necessity issued by the Public Service Commission of Indiana under the Acts of 1925 for all its routes. The Farina Company alleges that the ordinance, if enforced, will necessitate abandonment, not only of the existing routes, but of its business. The evidence, consisting mainly of affidavits, is conflicting.

The contentions, the issues of fact and of law, and the character of the evidence introduced, are largely similar to those in the *Schappi* case. But there are differences which may be important. The Calumet Company does not serve Munster or the small Illinois cities, so that it is not a direct competitor of the plaintiff. None of the busses carry local passengers within the City of Hammond. There is also a difference in the stage of the proceedings at which this case came before the Court of Appeals. It was heard on appeal from the final decree. An application for an interlocutory injunction had been made; but the cause was later submitted to the District Court by agreement of the parties, as upon final hearing, and the bill was dismissed.

The considerations which led this Court to remand the *Schappi* case to the District Court for further proceedings

on final hearing are applicable in the main also to this case. We think that it should be heard by the District Court anew upon final hearing upon evidence to be adduced. To this end, the decree entered in the Court of Appeals is affirmed in so far as it reversed the decree dismissing the bill. In so far as it directs that an injunction issue, it is modified to the extent of directing an injunction pending the suit instead of a permanent injunction, the propriety of the latter being reserved until the final hearing. The cause is remanded to the District Court for further proceedings on final hearing, that court to have liberty, among other things, to allow amendment of the pleadings. Costs in this Court are not allowed to either party.

*Decree modified and cause remanded to the District Court for further proceedings.*